BERTHA GRADY, Respondent, *v.* CONCORDIA FIRE INSUR-
ANCE COMPANY OF MILWAUKEE, Appellant.

(Argued March 1, 1935; decided April 16, 1935.)

*Nelson R. Pirnie* for appellant.

*Harry G. Coplon* and *Ernest A. R. Cohen* for respondent.

CROUCH, J. The fire insurance policy in suit insured the premises for $2,500 " while occupied as a private family residence," and " household and personal property * * * such as is usual or incidental to a dwelling * * * while contained in the above described dwelling " for $1,000. It contained an increase of hazard clause providing that the insurer be not liable for loss occurring " while the hazard is increased by any means within the control or knowledge of the insured."

The property was leased for the months of August and September, 1932, and on September 29, 1932, was destroyed by fire. There is uncontradicted testimony that during this period the premises were used as a speakeasy, and had been raided by prohibition agents shortly before the loss. The plaintiff's testimony was directed solely to lack of knowledge of the use to which the premises were put. The trial judge charged that if the jury found the premises were used for a more hazardous purpose than a dwelling house and that the hazard was increased by means within the plaintiff's control or knowledge, she might not recover; but that if the hazard was not increased by means within the control or knowledge of plaintiff, she should have a verdict. Counsel for the defendant excepted to this and requested a charge, in substance, that if the use or occupation of the premises was not

that of a private dwelling house, lack of control or knowledge on the part of the insured was immaterial, and no recovery could be had. The request was denied.

Under the language of the policy it was clearly error to qualify the clause " while occupied as a private family residence " with the proviso of the increased hazard clause, that it be within the control or knowledge of the insured. The clause with respect to use as a private family residence only was no doubt in a sense to guard against increase of hazard from other use; but the specific reference to this, without any such qualification as applied to increase of hazard generally, made this a limitation on the coverage of the policy. It may have been and probably was intended to define the particular hazard upon which the rate was based; but however this may be, the limit of insurance is plainly there — as plainly as the limit on the household goods to those contained in the described dwelling. (*Langworthy* v. *Oswego & Onondaga Ins. Co.*, 85 N. Y. 632; *Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411.) Where a risk is specifically and in terms excluded, knowledge or control is immaterial. (*Miller* v. *American Eagle Fire Ins. Co.*, 253 N. Y. 64.) So, also, we think, where it is excluded by clear limitation of description. Such clauses are sometimes spoken of as promissory warranties (*Graley* v. *American Eagle Fire Ins. Co.*, 235 App. Div. 490; 26 C. J. 203), but the use of the words " while occupied " in this connection would seem rather to be a limitation of the coverage of the policy for the purpose of withdrawing risks that the insurer was unwilling, for one reason or another, to undertake. (*Langworthy* v. *Oswego & Onondaga Ins. Co.*, *supra; Shawmut Coal & Coke Co.* v. *American Credit-Indemnity Co.*, 232 App. Div. 29.) Such has been the treatment of similar phrases in connection with the use (*Mawhinney* v. *Southern Ins. Co.*, 98 Cal. 184) or location of movable property (*Acione* v. *Commercial Union Assur. Co.*, 182 App. Div. 822; *Gertner* v. *Glens Falls Ins. Co.*, 193 App.

Div. 836; affd., 233 N. Y. 568; *Leavitt* v. *National Fire Ins. Co.*, 88 Misc. Rep. 563); and like limitations on attachment and duration of risk are a commonplace of marine and ocean freight policies. These are not within the usual definition of a promissory warranty, an undertaking that some particular thing be or be not done, or an assertion of the existence of some particular state of facts.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.