M. Pachman, Inc., Plaintiff, *v.* New Amsterdam Casualty Company, Defendant.

Supreme Court, New York County, July 8, 1935.

*Goldstein & Goldstein* [*David Goldstein* of counsel], for the plaintiff.

*Prince & Loeb* [*Sidney J. Loeb* of counsel], for the defendant.

Lauer, J. This is an action on two policies of insurance against burglary, one known as a mercantile safe policy and the other as a mercantile open stock policy, the former a $25,000, the latter a $1,000 coverage. The two policies are substantially similar in form. The defendant by one of its policies agreed "To indemnify the Assured for all loss by burglary, of property insured hereunder from within that part of any safe or vault * * *, while such safe or vault is duly closed, and locked by at least one combination or time lock and located in the Assured's premises as hereinafter defined." The policy then defines premises to "mean the interior of that portion of the building * * * which is occupied solely by the Assured in conducting his business."

The amount of the loss was conceded by counsel as was practically all of the evidence. It is not in dispute that a burglary occurred within the terms of the policies.

The defendant had heretofore applied at Special Term for summary judgment, asserting that under the quoted language of the policy a continuing warranty was created, which having admittedly been breached would entitle it to judgment against the plaintiff. Accompanying the denial of this motion was the following short memorandum: "The pleadings raise an issue of coverage. The limitation of sole occupancy evidently did not apply to the interior of the safe. The term 'solely occupied' might be construed as a description of the premises at the time the policy was written. Furthermore, whether there was an increase in hazard raises an issue of fact."

This order was affirmed without opinion (244 App. Div. 721). Although the affirmance of this decision is the law of the case so far as it may be applicable (*Brush* v. *Rothschild*, 186 App. Div. 857; *N. Y. Pneumatic Service Co.* v. *Cox Contracting Co.*, 201 id. 33; affd., 235 N. Y. 571; *Mariner Harbor Nat. Bank* v. *Graham Beach Estates, Inc.*, 219 App. Div. 721; affd., 245 N. Y. 592), and while I am not unmindful of the authorities holding that an affirmance of an order by the appellate courts is not necessarily a ratification or approval of the reasoning upon which the decision was based (*Scott & Co., Inc.*, v. *Scott*, 186 App. Div. 518; *Tirrell* v. *Tirrell*, 107 Misc. 179; revd., 190 App. Div. 463; *Matter of Bassett*, 84 Misc. 656), nevertheless the manner of the submission of the case on the trial before me makes the decision of the Appellate Division inapplicable at this time. There was no question of fact presented at the trial. No evidence was offered in respect to any possible ambiguity in the language of the policies. The interpretation of the policies becomes, therefore, solely a question of law. (*Elco Shoe Mfrs., Inc.*, v. *Sisk*, 260 N. Y. 100; *Weinberg & Holman, Inc.*, v. *Providence Washington Ins. Co.*, 254 id. 387; *Central Union Trust Co.* v. *Trimble*, 255 id. 88.)

As I interpret the policies, the coverage effected by them is " while such safe * * * is * * * located in * * * the interior of that portion of the building * * * which is occupied solely by the assured in conducting his business." It thus appears that the risk covered is while the safe is in a building *solely* occupied by the assured. It was conceded at the trial that the premises in which the safe was located were not solely occupied by the plaintiff. Consequently the loss in this case was not covered by the policies. (*Graley* v. *American Eagle Fire Ins. Co.*, 235 App. Div. 490; *Grady* v. *Concordia Fire Ins. Co.*, 267 N. Y. 177.) These cases are decisive of the situation here presented. The language used in the policies constitutes, in the language of the *Grady Case (supra)*, " a limitation of the coverage of the policy for the purpose of withdrawing risks that the insurer was unwilling, for one reason or another, to undertake."

It follows that judgment must be for the defendant. Thirty days' stay and sixty days to make a case.