## Krstoff et ux., to use, v. National Liberty Insurance Company of America

*Caldwell, Fox & Stoner*, and *Samuel Levin*, for plaintiffs.

*Hause, Evans, Storey & Lick*, for defendant.

HARGEST, P. J., March 11, 1936.—On December 22, 1932, George Krstoff and Lubisa, his wife, were the owners of a farm in this county. On that date the defendant issued to them a standard policy of fire insurance on the "Farm Form", insuring in a sum not exceeding $1,500 a "two-story composition and shingle roof frame building, with the additions adjoining, foundations and all permanent fixtures, while occupied as a private family residence. . . . All situated on the farm owned by insured while occupied by a tenant in the Township of Paxton, along Jonestown Road, County of Dauphin, State of Pennsylvania, known as Lynch Farm."

In May 1933 the Krstoffs sold the farm to Albert Ferrar, plaintiff. Brooks Potteiger, who was a tenant of the Krstoffs, continued to reside on the farm as a tenant and occupied the insured dwelling house. On April 2, 1934, Potteiger and his family vacated the dwelling house and moved off the farm. Several days after the tenant vacated, Ferrar learned of the removal and that certain tools of his had been stolen from the premises. He thereupon placed an old mattress, a desk or table, and "a couple of chairs" in a bedroom on the second floor and went to the house at night for the purpose of endeavoring to catch the persons who had been guilty of the theft of tools. From about the tenth to the twenty-ninth of April he stayed in the house from nine in the evening until five o'clock in the morning. His family residence during that time was on Vernon Street in the City of Harrisburg. During that period he had one or more workmen in the daytime improving the grounds immediately around the house. On April 30, 1934, shortly after noon, a fire occurred in the house, which a workman noticed from the outside and which resulted in the complete destruction of the property above ground. Attached to the policy was a mortgagee clause, and the defendant paid to the Pennsylvania Joint Stock Land Bank, mortgagee, $241.18. The defendant denied liability to the insured plaintiff. A verdict was rendered in the sum of $1,321.76, which was the amount of the policy with interest less the amount paid to the mortgagee. The policy also provided that the defendant was not liable for any loss occurring "while a described building whether intended for occupancy by owner or tenant is vacant or unoccupied beyond the period of ten days."

The defendant presented a point for binding instructions, which was reserved, and subsequently made a motion for judgment notwithstanding the verdict, which is now before the court, together with a motion for a new trial.

In determining this question we must keep in mind the rule, as stated in McClure v. Mutual Fire Insurance Company of Chester County, 242 Pa. 59, 67, that there should be a "reasonable enforcement of insurance contracts rather than to declare a forfeiture thereof, if this can be done without doing violence to the intention of the contracting parties."

In Humphreys v. National Benefit Assn., 139 Pa. 264, it is said:

". . . no rule in the interpretation of a policy is more fully established, or more imperative and controlling, than that which declares that in all cases it must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, his claim to the indemnity which, in making the insurance, it was his object to secure. When the words are, without violence, susceptible of two interpretations, that which will sustain his claim, and cover the loss, must in preference be adopted."

But on the other hand, we must not strain the ordinary meaning of words so as to prevent a forfeiture. In Bresnick et ux. v. The Mutual Fire Ins. Co., 20 D. & C. 51, Davison, P. J., held:

"Representations of fact in a fire insurance policy must be construed as warranties by the insured if their natural tendency is to induce the insurance company to enter into a contract on terms more favorable to the insured than it otherwise would, and no recovery may be had on the policy if such representations are shown to be untrue in fact.

"A statement by the applicant for a fire insurance policy that the insured premises are occupied by a designated person is a warranty, and not a representation, and the contract is nullified if the premises are in fact vacant."

The question before us is whether, under the facts stated, this house in which the owner stationed himself for the purpose of catching those who were stealing his tools was "occupied as a private family residence." The

insurance was only on the premises while "occupied as a private family residence."

In Long v. Bowman, 118 Pa. Superior Ct. 367, 370, it is held that: "The possession of a caretaker does not constitute 'occupancy by the owner as a residence.'"

In Grady v. Concordia Fire Ins. Co., 267 N. Y. 177, 196 N. E. 16, the policy insured the premises "while occupied as a private family residence". At the time of the fire the premises were used as a "speakeasy". The Court of Appeals said:

"The clause with respect to use as a private family residence only was no doubt in a sense to guard against increase of hazard from other use; but the specific reference to this, without any such qualification as applied to increase of hazard generally, made this a limitation on the coverage of the policy. It may have been and probably was intended to define the particular hazard upon which the rate was based; but however this may be, the limit of insurance is plainly there—as plainly as the limit on the household goods to those contained in the described dwelling. . . . Where a risk is specifically and in terms excluded, knowledge or control is immaterial. . . . So, also, we think, where it is excluded by clear limitation of description. Such clauses are sometimes spoken of as promissory warranties [citing case], but the use of the words 'while occupied' in this connection would seem rather to be a limitation of the coverage of the policy for the purpose of withdrawing risks that the insurer was unwilling, for one reason or another, to undertake."

In Herrman v. The Adriatic Fire Ins. Co., 85 N. Y. 162, it is said:

"It is clear, from the testimony, that the dwelling-house insured by the defendant was not occupied as such at the time of the fire. The fortnightly visits of the plaintiff and his wife to it were not the occupation that is meant when a dwelling house is spoken of. The weekly tours of inspection of the farmer and members of his family liv-

ing on the grounds, and his supervision of it from his own house, were more useful but they fell short of being occupation of it. . . . We have already said enough to show our opinion that, for a dwelling-house to be in a state of occupation, there must be in it the presence of human beings as at their customary place of abode, not absolutely and uninterruptedly continuous, but that must be the place of usual return and habitual stoppage."

In Yost v. Anchor Fire Ins. Co., 38 Pa. Superior Ct. 594, 600, the court said: "A dwelling house being designed as the abode of mankind, is occupied when human beings habitually reside in it, and unoccupied when no one lives or dwells in it." It could hardly be said Ferrar was habitually residing or dwelling in the house.

In 6 Words and Phrases (3d series) 120, it is stated that the mere fact that a person sleeps in a building does not make it a private dwelling. It is a matter of common knowledge, of which the court can readily take notice, that an occupied house is less of a fire hazard than a vacant one, and an insurance company might readily refuse to insure a vacant building when it would have no hesitancy in insuring a building occupied as a family residence. In the instant case, the fire occurred on the inside. If the building had been occupied as a family residence it might have been discovered before it had the time to make such headway as to attract the workman on the outside. The contract in this case, in simple language easily understood, insured the house and building in question "while occupied as a private family residence". That is a limitation on the insurance. Was it occupied as a family residence? We think that by no reasonable construction can it be said to have been so occupied merely because the owner stayed there at night for the purpose of ascertaining and apprehending those guilty of the larceny of his tools.

The words "vacant" and "occupied" have received judicial construction: Kinneer v. Southwestern Mutual

Fire Assn., 118 Pa. Superior Ct. 312; Hardiman v. Fire Association of Philadelphia, 212 Pa. 383; Hanscom v. Home Ins. Co. et al., 90 Me. 333, 38 Atl. 324; Continental Ins. Co. of N. Y. v. Dunning et al., 249 Ky. 234, 60 S. W. (2d) 577; Agricultural Ins. Co. v. Owens, 63 Tex. Civ. App. 354, 132 S. W. 828; Schoeneman v. Hartford Fire Ins. Co., 125 Ore. 571, 267 Pac. 815.

If we were dealing only with the provision of the policy as to the building's being "vacant or unoccupied beyond the period of ten days," we might be justified in discussing the terms "vacant" and "unoccupied" with reference to the occupancy of Ferrar and whether the amount of furniture there took it out of the category of a vacant house. But the defendant company, while contracting that it should not be liable if the building remained vacant or unoccupied beyond the period of 10 days, only agreed to insure it "while occupied as a private family residence". And we cannot strain this language to cover the kind of occupancy that Ferrar made of the building from approximately the tenth to the twenty-ninth of April. It therefore follows that if it was not so occupied for a period of more than 10 days the defendant, under its contract, is not liable for the loss. For these reasons we must enter judgment for the defendant notwithstanding the verdict. It is not necessary to discuss the motion for a new trial. It follows that it must be overruled.

Now, March 11, 1936, the motion for a new trial is hereby overruled, the motion for judgment notwithstanding the verdict is hereby sustained, and judgment is hereby entered in favor of the defendant. Exception to the plaintiff.