COUNTY OF ERIE, Respondent, *v.* CONTINENTAL CASUALTY COMPANY, Appellant.

Fourth Department, December 29, 1944.

*Frank Gibbons* for appellant.

*Edward D. Siemer* and *Ralph A. Lehr* for respondent.

*Per Curiam.* This action was brought upon the safe-burglary portion of an insurance policy whereby defendant insured plaintiff for a period of one year from February 13, 1941, against loss of money and securities by safe burglary, interior robbery and messenger robbery, upon the conditions therein provided.

On January 18, 1942, plaintiff suffered a loss as the result of the burglary of securities of the value of at least $112,000 from its safe (Pittsburgh Safe Co. No. 7844), which was then located in its premises known as No. 134 West Eagle Street, Buffalo, N. Y.

The policy in suit covered loss by burglary of securities in the amount of $100,000 from within such safe " and while such safe or vault is located in " the interior of the building on premises known as No. 513 Washington Street, Buffalo, N. Y. Concededly, some six weeks prior to the burglary, plaintiff removed this safe and its contents from the Washington Street premises to the West Eagle Street premises without the defendant's consent to such removal.

In the course of defendant's investigation of the burglary, its representatives obtained affidavits from some of plaintiff's employees and statements from certain of its officials. Defendant then disclaimed liability for the loss upon the grounds that the policy did not cover a loss occurring at the West Eagle Street premises and that plaintiff had breached its warranty in respect to providing day watchman service as required by the policy.

The plaintiff apparently recovered judgment in the trial court upon the theory that, while plaintiff's removal of the safe from

the location specified in the policy to a location not mentioned therein constituted a breach of warranty, nevertheless, under section 150 of the Insurance Law, plaintiff was entitled to recover unless such breach materially increased the risk of loss. Undoubtedly, by the enactment of this section 150 in 1939 (L. 1939, ch. 882), the Legislature " was seeing to it that a policy of insurance will not be avoided by proof of an immaterial '' breach of warranty.' '' (DESMOND, J., in *Glickman* v. *New York Life Ins. Co.,* 291 N. Y. 45, 51.)   This section, however, in our opinion, does not aid the plaintiff in the case before us because the change of location was not a breach of warranty within the meaning of this section; in fact and in legal effect, it was a withdrawal of the insured property from the coverage of the policy.

The rule seems to be well settled that an insurer may limit its liability, in this type of policy, to losses occurring at definitely designated premises and a loss, occurring upon premises other than those designated in the policy, is not covered.   (*Grady* v. *Concordia Fire Ins. Co.,* 267 N. Y. 177; *Pachman, Inc.,* v. *New Amsterdam Casualty Co.,* 156 Misc. 365, affd. 249 App. Div. 720, motion for leave to appeal denied 273 N. Y. 681; see, also, Vance on Insurance [2d ed], § 279; Richards on Law of Insurance [4th ed], § 484.)

Under the clear and unambiguous provisions of this policy, the loss which plaintiff suffered at the West Eagle Street premises is not within the coverage of the policy.

A careful reading of the record fails to disclose sufficient proof of facts upon which defendant could be held to have waived any provisions of the policy or to be estopped from asserting its right to refuse payment of the loss.   (See *Draper* v. *Oswego Co. Fire Relief Assn.,* 190 N. Y. 12.)

We are of the opinion that the trial court committed error in denying defendant's motions for dismissal of the complaint, for direction of a verdict in its favor, and to set aside the verdict of the jury and its answers to certain special questions submitted to it.

The judgment and order denying motion to set aside the findings of the jury and for a directed verdict should be reversed on the law, and the complaint dismissed, with costs.

Appeal from order denying defendant's motion for a new trial should be dismissed as academic.

All concur.   Present — CUNNINGHAM, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

606

Judgment and order denying motion to set aside the findings of the jury and for a directed verdict reversed on the law, with costs, and complaint dismissed, with costs. Appeal from order denying defendant's motion for a new trial dismissed as academic.