Arnold L. Fein, J.
Plaintiff sues to recover $50,000 on an insurance policy, allegedly payable because of the death of one Long, plaintiff’s employee, who was killed while piloting plaintiff’s 1967 Bell Helicopter Jet Ranger, Model 206A, on plaintiff’s business when it crashed in the Gulf of Mexico.
The policy “ Declarations ” provide: “ This policy shall not apply to an aircraft while in flight unless operated by ” a pilot ‘ ‘ who has piloted aircraft * * * 50 hours in the same make and model of aircraft.”
The policy “Exclusions” state: “None of the coverages applies * * * (b) while the aircraft is * * * (2) operated, while in flight, by other than the pilot or pilots as stated in the Declarations ”.
Special Term, affirmed by the Appellate Division (34 A D 2d 895), denied plaintiff’s motion to strike the separate defenses alleging there was no coverage because at the time of the accident Long had not “ piloted the same make and model of aircraft for fifty hours.” This did not shift the burden of proof. CPLR 3015 (subd. [a]), a rule of pleading, which does not affect the burden of proof, provides that ‘ ‘ the party relying upon the performance or occurrence shall be required to prove on the trial only such performance or occurrence as shall have been so specified”.
Plaintiff’s proof on the trial established that Long had only 32.2 hours flying time in the Bell Jet Ranger. Although plaintiff attempted to show that Long had additional hours, not logged or otherwise recorded, the evidence was insufficient for an inference that he had 50 hours. Additional evidence was received over objection, as to his experience in other aircraft *878 of a similar type. If admissible for such purpose, it was sufficient for findings that: (1) Long was as well qualified to fly this aircraft as a pilot who had the requisite 50 hours; and (2) Long’s lack of 50 hours’ experience in this particular aircraft did not either materially increase the risk, or tend to do so.
Defendant, offering no evidence, moved for judgment on the ground that there was no coverage, under the Declarations and Exclusions provisions of the policy, because of plaintiff’s failure to prove Long had the requisite 50 hours’ experience.
Plaintiff’s reliance on section 150 of the Insurance Law is misplaced. Section 150, defining the term “warranty” for insurance policy purposes, and limiting the effect of a breach of such warranty, does not preclude an insurer from limiting its liability so as to cover only the persons, events, premises or things it wishes to insure, provided the language of the policy is clear and unambiguous. When it does so, there is no issue of warranty to be resolved. The carrier has the right to determine what and whom it will insure (Sommer v. Guardian Life Ins. Co., 281 N. Y. 508; Geer v. Union Mut. Life Ins. Co., 273 N. Y. 261; Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545; County of Erie v. Continental Cas. Co., 268 App. Div. 603). However, the burden is on the insurer to show that the language it has chosen is susceptible only of the construction urged by it and that such construction is the only possible meaning which can be ascribed to the words used. (Sincoff v. Liberty Mut. Fire Ins. Co., 11 N Y 2d 386; American Sur. Co. of N. Y. v. National Fire Ins. Co. of Hartford, 25 A D 2d 734; Lachs v. Fidelity & Cas. of N. Y., 306 N. Y. 357; Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44; Shneiderman v. Metropolitan Cas. Co. of N. Y., 14 A D 2d 284.)
Some of the cases indicate that where the carrier relies solely upon an exclusion clause in the policy to avoid liability, the burden is upon it to prove that the events fall within such exclusion clause. (Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442; Green v. Travelers Ins. Co., 286 N. Y. 358; Sachs v. American Cent. Ins. Co., 34 Misc 2d 687, affd. 19 A D 2d 538; see American Fid. Fire Ins. Co. v. Pardo, 32 A D 2d 536.) “An exclusion, in insurance parlance, serves the purpose of taking out persons or events otherwise included within the defined scope of coverage ”. (Matter of Edwards v. MV AIC, 25 A D 2d 420.)
These and other cases suggest that the rule is otherwise where what is involved is a construction of the coverage, i.e., declarations clauses of the policy. If the language of the *879 declarations provision of the policy is clear and unambiguous and admits of no construction other than that urged by the carrier, the burden is on the plaintiff to establish that the loss was within the coverage of the policy. (Goell v. United States Life Ins. Co., 269 App. Div. 573; Carles v. Travelers Ins. Co., 238 App. Div. 43.) Where the language of the policy creates an objective test defining coverage in clear and unambiguous language, the burden is on the plaintiff to establish that the facts bring the event within the coverage. (County of Erie v. Continental Cas. Co., 268 App. Div. 603, supra; see Bronx Sav. Bank v. Weigandt, supra.)
If there is an issue of fact as to the meaning of the language, or the test is subjective, the burden is on the carrier on the basis of the principle that every ambiguity will be resolved against the carrier (Sincoff v. Liberty Mut. Fire Ins. Co., 11 N Y 2d 386, supra; Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, supra; Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545, supra).
Here the language is plain and unambiguous. It requires the pilot to have 50 hours of experience on the same make and model of aircraft. Since there is no ambiguity to be resolved, plaintiff was required to establish that the pilot had such experience. (Johnson v. Travelers Ins. Co., 269 N. Y. 401.) Having failed to do so, plaintiff cannot recover. The fact that defendant pleaded the exclusion as a defense, as it was required to do under CPLR 3015 (subd. [a]), did not shift the burden of proof as to the facts (Carles v. Travelers Ins. Co., 238 App. Div. 43, supra). Even if the burden were on defendant, it was met. The record establishes Long did not have the requisite 50 hours.
Moreover, the provisions here involved were contained in the declarations or coverage section and also in the exclusions section. Accordingly, plaintiff was required to prove that the events came within the coverage of the policy. (Carles v. Travelers Ins. Co., supra; Lavine v. Indemnity Ins. Co., 260 N. Y. 399.) The burden to establish that “ the accident came within the indemnity coverage provided in the policy ” was on the plaintiff (Lavine v. Indemnity Ins. Co., supra, p. 410). Defendant’s motion to strike the testimony as to comparable or other qualifying experience is granted. All other motions not herein disposed of are now denied.
After trial, judgment for the defendant dismissing the complaint. The court declines to pass on the findings submitted by the parties, as unnecessary.