HARLAN S. SHEPHERD, Plaintiff-Appellant, *v.* CROWN LIFE INSURANCE COMPANY, Defendant-Appellee.

(No. 11938;

Fourth District—March 7, 1974.

CRAVEN, J., dissenting.

Dunn, Brady, Goebel, Ulbrich, Hayes & Morel, of Bloomington (George R. Flynn, of counsel), for appellant.

Yoder, Yoder, Luedtke & Hartweg, of Bloomington (Alan L. Sternberg, of counsel), for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Plaintiff sued a group insurer asserting coverage as a dependent for medical expenses incurred as a result of an accident while self-employed. From an order dismissing his complaint he appeals.

The exclusion in the policy relied upon by the insurer reads:

"The insurance under this benefit shall not be payable for any of the following medical care or service:

\* \* \*

7. Those due to bodily injury arising out of or in the course of an individual's employment or a bodily injury or sickness covered by any Workmen's Compensation Law or similar legislation."

As we have said, plaintiff was self-employed—he operated a service station—and was injured when a truck rolled off a rack and pinned him against a workbench. Both parties agree and the court judicially noted that self-employed persons are not covered by the Workmen's Compensation Act or similar legislation.

Plaintiff argues that the above exclusion does not exclude him for the reason that he was not covered by the Illinois Workmen's Compensation

Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.1). He argues that the second "or" should not be read as a disjunctive but rather as a conjunctive. If we reword the exclusion along the lines he suggests, it would re-read in essence—"medical care and service excluded from coverage are those due to a bodily injury arising in the course of an individual's employment and covered by the Workmen's Compensation Act." The insurer, on the other hand, says that there are two separate and alternative exclusions and if plaintiff falls in either one there is no coverage. In their view, the exclusions are, (1) medical care and service due to bodily injury arising out of or in the course of an individual's employment, or (2) those due to bodily injury or sickness covered by any Workmen's Compensation Law or similar legislation. Plaintiff, the insurer argues, falls into category (1)—medical care due to a bodily injury arising out of his employment—and therefore what is said in category (2) is immaterial, that is, it is not to be read conjunctively with (1).

We agree, though an argument can be made, as plaintiff does, that the purpose of the policy's exclusion is to prevent double recovery, that is, recovery under this policy and under coverage provided by the Workmen's Compensation Act. If this thought were to be adopted as the true intent of this exclusion, the necessary implication is that where there isn't a double recovery—no workmen's compensation coverage—then this exclusion would not prevail. But this means rewriting the clause and not separating it into two distinct exclusions. In view of the language used which presents no ambiguities or absurdities, we read an intent of the insurer that not only was it concerned about double coverage—category (2)—but that an extra risk lies in covering persons for injuries due to bodily injury arising out of their employment. The company could well have concluded as a reason for the first exclusion that many accidents do occur in the course of an individual's employment and desired them excluded—and in our opinion used language to so exclude them—without regard to whether such employment was or was not covered by the Workmen's Compensation Act.

Plaintiff cites many cases where "or" has been read as "and"—of course many contexts require that result. On the other hand "or" is disjunctive—it is a conjunction used to introduce alternatives. Grammatically, "or" is a conjunction and, as we have seen, can be used conjunctively—but in our opinion, it was not so used here. The cases cited from other jurisdictions—there is no Illinois decision in point—are not particularly apt for medical care due to bodily injury arising out of an individual's employment and bodily injury or sickness covered by the Workmens' Compensation Laws. Why use "bodily injury" twice if double recovery was all that was intended to be avoided. No useful pur-

pose can be served by analysis of these out-of-state decisions, for, as we have said, the language used is clearly different. This conclusion is buttressed by the use of the phrase "non-occupational bodily injury" in two sections of the policy. One, in particular, under the caption "MAJOR MEDICAL EXPENSE BENEFIT" reads:

> "If an individual, while insured for this benefit incurs Eligible Expenses for medical care or services for a non-occupational bodily injury, * * * the company will * * * pay the Major Medical Expense Benefit as hereinafter defined."

It is used again in a section relating to the extension of benefits. The policy relates solely to major medical benefits and clearly the thrust is that to be eligible for benefits, the injury must be "non-occupational".

We conclude therefore that the court was correct in reading "or" disjunctively. Accordingly, the judgment appealed from is affirmed.

Affirmed.

TRAPP, J., concurs.

Mr. JUSTICE CRAVEN dissenting:

I cannot agree with my colleagues that the clause in question is unambiguous. Comparing the limitation in question with other limitations contained in the policy, it is readly apparent that the draftsmen knew how to clearly state alternative provisions. For example:

> "Limitations. The insurance under this benefit shall not be payable for any of the following medical care, or services: * * * 2. Those rendered (a) in a hospital owned or operated by a government, or elsewhere at the expense of a government or agency thereof, or (b) by a physician employed by a government, for treatment in such a hospital."

When the company sought to really make "or" mean "or" and have it be disjunctive, they were capable of doing so.

Limitations clauses such as that being considered here are used to prevent a double recovery in the event the injured party was covered by workmen's compensation or other similar legislation. They should not be read to preclude recovery in the event of an injury or sickness incurred in the course of an individual's employment if the persons in that employment would not have a cause of action for their expenses under the Workmen's Compensation Act or similar legislation. *United Benefit Life Insurance Co. v. Glisson*, 105 Ga.App. 122, 123 S.E.2d 350.

In *Segelstron v. Blue Shield, Inc.*, 233 So.2d 645, the court was called upon to construe a group insurance policy providing for certain benefits but excluding the obligation to pay for "services for any occupational

condition, ailment, or injury arising out of and in the course of employment, or services which are furnished to a subscriber under the laws of the United States of America or any state or political subdivision thereof, and the subscriber shall have no rights under this contract even though he elects to waive his rights to such benefits or services." The court said such an exclusion was apparently intended to fill gaps in coverage without affording a windfall; decisions in this area generally afforded a single recovery, usually under the compensation laws. The court could not say, as a matter of law, that "arising out of and in the course of employment", as that phrase was used in the clause in question, referred unambiguously to any employment whatsoever, whether otherwise protected or not. Therefore, even though the injured party had received his injuries while working for another employer under conditions such that he would not be eligible for statutory compensation benefits, the Florida court reversed a summary judgment for the insurer.

Limitations clauses are to be considered in relation to all other clauses of the contract and in light of its entirety. (Couch on Insurance 2d ¶ 15:48.) This notwithstanding, I do not find these references to non-occupational bodily injuries in the scope of coverage clauses to preclude a claim under the conditions alleged by plaintiff. One complete page of this policy is devoted to the conditions under which this major medical expense benefit shall not be payable. Included among these is the clause construed by the majority of the court to preclude coverage of plaintiff's injury. When the conditions under which there is no obligation to pay benefits are set forth in the policy under a heading such as "Limitations", I would construe the rest of the policy to create at least an implied promise to pay for expenses not excluded by the specific limitations provisions if within the general subject of the policy. Under the terms of this policy I believe the meaning of the entire contract is better ascertained after examining the limitations provisions.

Normally, exclusion clauses in an insurance policy only have relevance when there is coverage. The exclusion serves the purpose of taking persons or events otherwise included within the scope of coverage out of it. (*Mobil Oil Corp. v. Reliance Insurance Co.*, 69 Misc.2d 876, 332 N.Y.S.2d 532; *Hartford Accident & Indemnity Co. v. Case Foundation Co.*, 10 Ill.App.3d 115, 294 N.E.2d 7.) However, in the policy presently being considered, I feel ambiguities exist. If any injury incurred while performing one's occupation was to be excluded from coverage, such intent could much more clearly have been manifested by using the words "non-occupation injury" throughout the policy. Use of "bodily injury arising out of, or in the course of an individual's employment" might be said to not mean the same thing as "occupational bodily injury". I

find not only the limitations clause to be ambiguous but also the scope of coverage clause to be uncertain when the whole policy is considered. When ambiguities exist in an insurance policy, they should be construed in favor of the insured. *Lenkutis v. New York Life Insurance Co.*, 374 Ill. 136, 28 N.E.2d 86.

Some courts have achieved the result I advocate by a liberal construction of the limitations clause. Thus, in *Ross v. Equitable Life Assurance Society*, 237 Ark. 643, 375 S.W.2d 222, the Supreme Court of Arkansas construed a limitations clause similar to the one questioned here to apply only to injuries incurred during the course of employment with the company securing the insurance for its employees. In *Johnson v. Northern Assurance Co.*, 193 So.2d 920, the court found for an injured plaintiff claiming under an insurance policy that excluded coverage for injuries to employees arising out of the course of employment but made no reference to workmen's compensation. Plaintiff, a deputy sheriff, was not covered by workmen's compensation laws. The court held the intent of the exclusion was to prevent double recovery and as this was not possible under the facts, awarded plaintiff a judgment. They held plaintiff was not an "employee" but rather an officer of the State discharging his duties when injured. Although neither case has a fact situation or limitations clause identical to the one in question, they serve as illustrations of the contempt courts have shown for these clauses if used to deny any benefits to a claimant rather than merely preventing double recoveries.