Miltie Leigh, Plaintiff-Appellant, *v.* Country Mutual Insurance Companies, Defendant-Appellee.

(No. 12286;

Fourth District—April 10, 1975.

CRAVEN, J., dissenting.

Knuppel, Grosboll, Becker, & Tice, of Havana, for appellant.

Claudon, Elson, & Lloyd, Ltd., of Canton, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiff appeals a judgment entered in favor of defendant upon a small claim for money alleged to be "due under Policy No. ACO 728257."

The cause was heard upon defendant's motion to dismiss, a certain agreement as to facts, and a stipulation that the court dispose of the case upon its merits. The memorandum prepared by the trial court discloses that defendant had issued its automobile policy to an insured, Bramwell, and that plaintiff, an employee, was injured while driving a truck belonging to the insured.

The record does not show, and it is not contended, that plaintiff had procured a judgment against Bramwell. For such reason he has no claim under the coverage for bodily injury.

Coverage C provided "automobile medical payments" for persons sustaining injury while in or upon an insured vehicle. The policy exclusions as to this coverage provided that the policy should not apply to an employee as to injury "arising out and in the course of (1) domestic employment by the named insured or spouse, if benefits therefor are in whole or in part either payable or required to be provided under any

workmens' compensation law, or (2) other employment by the named insured or spouse."

Plaintiff argues that the purpose of such exclusion is to prevent a double recovery by an employee. He contends that since he was not the beneficiary of any workmen's compensation insurance, the policy contained an ambiguity which must be construed against the defendant. He raises certain rhetorical questions as to why an employee not covered by compensation insurance should be distinguished from a person who was simply a passenger.

The trial court noted that the same terms of exclusion were stated in the coverage where the insured was liable for personal injuries and found no ambiguity in the language which distinguished the insured from the domestic employee not covered by compensation insurance from all other employees. We agree and affirm.

Essentially, the same issues were discussed in *Shepherd v. Crown Life Insurance Co.*, 17 Ill.App.3d 773, 308 N.E.2d 672. In that case a majority of this court concluded that there was no ambiguity requiring a construction of the language. Here, the sentence structure of the exclusionary provisions with distinct numerical identification made clear the separation of categories of persons excluded from coverage. . . .

The judgment is affirmed.

Affirmed.

SIMKINS, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

The object and purpose of the exclusionary clause found in this contract is to preclude double coverage. An employee that is injured and receives workmen's compensation benefits is sought to be excluded from the medical pay provisions of this policy, the terms of which were written by the insurer and ambiguously so. For the reasons set forth in my dissenting opinion in *Shepherd v. Crown Life Insurance Co.*, 17 Ill.App.3d 773, 308 N.E.2d 672, I dissent.