ROYAL EXCH. ASSURANCE OF LONDON v. THROWER.

(District Court, N. D. Georgia. April 4, 1917.)

No. 1319.

On motion for rehearing. Denied.
For former opinion, see 240 Fed. 811.

NEWMAN, District Judge. . There is a motion for a rehearing in this case, on the ground that the court omitted to decide a certain feature of the contention made by the Royal Exchange Assurance.. This claim is that "the policy of insurance upon which defendant based his set-off provided 'the entire policy shall be void if any change, other than by death of the assured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) by voluntary act of the assured, or otherwise.'"

As shown by the opinion filed on March 12th (240 Fed. 811), I did not, understand that there was any particular contention by counsel for the plaintiff on this subject. The clause, or language, of the policy which I then disposed of was: "If the hazard be increased by any means within the control or knowledge of the insured." Following this, after some intermediate language, is the provision to which attention is now called, which is: "Or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants, without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise"; that is, it is provided that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise."

The claim here, as I understand it, is that there was such a change in possession of the building insured in this case as increased the hazard, which increase of hazard rendered the policy void. The evidence here shows that about the time the building was completed it was insured, the policy being dated June 15, 1908, and that the lease of the premises was dated September 14, 1908. So that there was no tenant in it, and it was not occupied until after the date of this lease, unless Thrower's ownership of the building made him in legal effect an occupant, as contended here.

I think it is unnecessary to discuss the question as to whether there was a change in occupancy, however, because, if there was a change in occupancy, it must have been "without increase of hazard." I do not see how it is possible to construe the expression "increase of hazard" in this connection differently from the way in which I held it should be construed in reference to the preceding clause, which was an increase of hazard "by means within the control or knowledge of the insured." In other words, I think the decision on the other language of the policy embraces what is contended for here. I do not see why an increase in hazard by change of possession or change of occupancy should subject the insured to any greater risk of having his policy voided than the other provision of the policy as to the increase of hazard "by means within the control or knowledge of the insured."

The possession here changed after the policy was taken, and when the property was leased, from the constructive possession, or occupancy, if it may be so called, of Thrower to that of the Cotton Products Company, and the court has already held that the possession, activities, or character of business, whatever it was, of the Cotton Products Company, was not an increase of hazard "by means within the control or knowledge of the insured," so I do not think it ought to be held so as to this clause of the policy.

Counsel for Thrower have called my attention to two decisions, one Rumsey v. Phœnix Insurance Company (C. C.) 1 Fed. 396, in which the court held as to a clause in a policy, "if any change take place in title or possession," that the

change of possession contemplated is something more than a change of occupation. It is held that the leasing of the insured premises would not void under a provision in the policy reading as follows: "If the property be sold or transferred, or any change take place in title or possession, whether by legal process, judicial decree, voluntary transfer, or conveyance." And in the same case, apparently, in 2 Fed. 429, one of the headnotes is as follows: "Nor, was it a 'change of title or possession' for him to have the same occupied by tenants, instead of himself; but that the change thereby contemplated referred to the possessory right, and not mere occupation."

But, independently of these authorities, I think the increase of hazard referred to in the case now under consideration should be construed as it was in the question heretofore considered, and consequently the motion for a rehearing must be denied.