### DIXIE FIRE INS. CO. v. HENSON et al.* (No. 2459.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 11, 1925. Rehearing Denied Dec. 2, 1925.)

**1. Insurance ⬦328(8)—Mortgage on homestead insured without delivering possession to grantee void, and not transfer inhibited by policy.**

An insurance policy, covering property jointly owned as homestead by persons insured, is not voided by a conveyance by one of his interest which in effect is a mortgage under which possession was not delivered to grantee, since such instrument was void and effected no change in title or interest of grantors within terms of policy, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4892.

**2. Insurance ⬦668(9)—Higher rate for possession by tenant not conclusive that tenant's possession is more hazardous or inhibited by policy.**

Proof that fire insurance rate was higher on premises when occupied by tenant, and that higher rate had not been paid, *held* not to conclusively show that hazard was increased by possession of tenant, under policy conditioned on possession of owner, and not otherwise; such clause not inhibiting change of occupancy not more hazardous.

**3. Insurance ⬦646(2)—Burden on insurer to show that change of possession was breach of condition or warranty, and increased hazard.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4874, making a fire insurance policy a liquidated demand for full amount of insurance *in* case of total loss, the burden rests upon insurer not only to plead, but to prove, breach of condition or warranty as to occupancy and that such breach increased the hazard.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by J. R. Henson and others against the Dixie Fire Insurance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Locke & Locke, of Dallas, for appellant.
Bonner, Bonner & Sanford, of Wichita Falls, for appellees.

HALL, C. J. This suit was brought by J. R. Henson, Frank and Roy Collier to recover upon a policy of insurance issued to them by the defendant company protecting them against loss by fire to the extent of $3,000 upon a dwelling house located in Wichita Falls. The policy was issued May 31, 1922. The property was totally destroyed by fire February 24, 1923.

The petition alleges, in part: That, amongst other provisions in the policy, it was expressly stipulated that the defendant insured the building belonging to plaintiffs for a term of one year against all damage or loss by fire in the sum of $3,000, and agreed to pay to each of the plaintiffs $1,000, or a total sum of $3,000, if the property was destroyed by fire within the term; that the defendant's agent was familiar with the property, had personally inspected it, knew its location, condition, and value, and was acquainted with the state of the title thereto; that plaintiffs paid the premium of $22.20 when the policy was delivered to them, and the agent represented that the policy contained all legal clauses and no illegal clauses; and that, if said house was destroyed by fire within the year, the defendant would pay to each of plaintiffs $1,000. It is further alleged that the house was burned on

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted January 27, 1926.

the night of February 24, 1923; that the defendant sent its agents and adjusters to plaintiffs, who accepted proof of loss, and that the defendant thereupon agreed and bound itself to pay said loss forthwith, and did deliver to plaintiffs its bank drafts in the total sum of $3,000 in settlement thereof; that said drafts were placed in the bank for collection, and thereafter the defendant wrongfully stopped payment of said drafts; that they have never been paid; and that defendant still refuses to pay said loss.

The defendant answered, alleging:

That at the time the policy was issued the property belonged to the plaintiffs under a partnership agreement between them; that, among other provisions, the policy contained one as follows:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the assured in the property be other than unconditional and sole ownership, or if any change other than by the death of insured takes place in the interest, title, or possession of the subject of the insurance, except change of occupancy, without increase of hazard, whether by legal process or by judgment, or by the voluntary act of the insured or otherwise, or if this policy be assigned before a loss."

That before the loss occurred Henson withdrew from the partnership, and transferred his interest therein to C. D. Shamburger by warranty deed executed November 25, 1922. That, by virtue of such change in the interest, title, and possession of the property, the policy was rendered null and void. That the policy contained the further provision:

"Dixie Fire Insurance Company, * * * in consideration of the stipulation herein named, * * * does insure J. R. Henson, Frank Collier, and Roy Collier * * * against all direct loss or damage by fire, except as herein provided, * * * to the following described property while located and contained as described herein: $3,000 on the one story shingle roof frame building and additions attached thereto, including the heating and lighting apparatus, and all permanent fixtures while occupied by owner and not otherwise as a dwelling house."

By reason of such provision, the defendant's liability depended upon occupancy of the property by the owner; that at the time the policy was issued the property was occupied by Henson, but at the time of the fire and some weeks prior thereto it was not occupied by the owner, but by a tenant.

By a supplemental petition, amongst other facts, it is alleged that the house constituted the homestead of plaintiffs; that possession was not given to Shamburger with the deed to him; that said deed was intended as a mortgage by all parties for the security of pre-existing debts, and, being upon a homestead, was therefore null and void; that under the mortgage to Shamburger given by Henson it was agreed between Henson and Shamburger that Henson have 12 months within which to redeem his interest in the property by paying off the amount of his indebtedness; that at the time the policy was issued Henson and the Colliers were not cotenants, but copartners, and that, even if the interest of Henson had been forfeited by his transaction with Shamburger, said transaction and forfeiture did not affect the interest of Frank Collier and Roy Collier.

The case was tried to the court without a jury, and resulted in a judgment for the plaintiffs for the full amount sued for. There are no findings of fact nor conclusions of law in the record.

[1] The contention by appellant that the effect of the mortgage given to Shamburger was such a breach of the provisions of the policy which relate to a change of title, interest, and possession of the assured as to avoid the policy is without merit. The evidence is that the property was a homestead; that the conveyance to Shamburger was in fact a mortgage; and that possession of the property had never been delivered to the grantee. The instrument was therefore void, and effected no change in the title or interest of the grantors. Continental Ins. Co. v. Scott (Tex. Civ. App.) 254 S. W. 499; V. S. C. S. art. 4892.

[2] It is next insisted that, because the building was occupied by a tenant at the time of the fire, the policy is void under the second stipulation quoted above. The appellant pleaded a breach of the stipulation, and that the occupancy of the premises by the tenant increased the hazard. The proof is conflicting upon this issue. It was shown that the rate was 15 cents per hundred higher when occupied by a tenant, and that the higher rate had not been paid. The proof of this fact, however, does not show conclusively that the hazard was thereby increased. Sun Mut. Ins. Co. v. Tufts, 20 Tex. Civ. App. 147, 50 S. W. 180. There is evidence in the record to support the implied finding by the court that the occupancy by the tenant did not increase the hazard. The policy under consideration contains substantially the same provisions as the policy construed by the court in Southern Nat. Ins. Co. v. Cobb (Tex. Civ. App.) 180 S. W. 155, and in which Fly, C. J., said that such provisions indicated that it was contemplated that a change of occupancy, except to a more hazardous one, was permitted by the policy. Royal Exch. Assur. of London v. Thrower (D. C.) 240 F. 1024.

[3] V. S. C. S. art. 4874, makes the policy sued upon a liquidated demand for the full amount of the insurance, since the loss is shown to be total. The burden rested upon appellant not only to plead, but to prove, the breach of the condition or warranty as to occupancy. Northern Assurance Co. v. Applegate (Tex. Civ. App.) 145 S. W. 295.

And the burden also rested upon appellant to prove its allegation that such breach increased the hazard. Delaware Ins. Co. of Philadelphia v. Harris et al., 26 Tex. Civ. App. 537, 64 S. W. 867; 26 C. J. 517, note 42(a). Since there is evidence to sustain an implied holding by the court that the change in occupancy did not increase the hazard, we overrule this contention of the appellant.

We find no error in the record, and the judgment is affirmed.