## CUDE et al. v. VAUGHN.
### No. 10214.

Court of Civil Appeals of Texas. San Antonio.
Dec. 15, 1937.

Grover C. Morris, of San Antonio, and Fritz C. Sorrell, of Pearsall, for appellants.

Robert G. Harris and Walter Stout, both of San Antonio, for appellee.

SMITH, Chief Justice.

The land involved is situated in Frio county. Lizzie Witter was the common source of title, and the parties hereto appear to be nieces and nephews of Lizzie Witter, and cousins to each other.

The suit was brought by Willie Mae Cude and her brothers and sisters—their names are not all shown in the briefs—against Melvin Vaughn (and wife), in the form of trespass to try title to recover title and possession of the land, and for damages. Vaughn answered by plea of not guilty, and by cross-action impleaded the common source, from whom it was alleged he acquired the land by parol sale. He asserted title against her and the plaintiffs below, both upon the ground stated, and by ten years' limitation. He recovered upon both grounds in a jury trial and Willie Mae Cude and her coplaintiffs have appealed. Lizzie Witter has not appealed. The cause was submitted and judgment rendered, upon special issues, but how many and what they all were is not shown in the briefs of the parties.

■ In their first proposition appellants assert that appellee's cross-action did not state a cause of action and that appellants' general demurrer thereto should have been sustained by the court, upon the ground that all the elements of parol sale were not set out therein. It appears from the record, however, that appellants did not present or invoke a ruling upon their general demurrer. But, be that as it may, the cross-action embraced other grounds of recovery than that of parol sale, including title by limitation, improvements in good faith, equitable lien and foreclosure thereon. There is no contention that those elements of the cross-action were not well pleaded, and if either was well stated, as all of them appear to be, the entire petition in reconvention was not subject to the demurrer, which, even if it had been presented and urged, should have been overruled. Moreover, we conclude that appellee's pleading of parol sale was sufficient as against the general demurrer. Sigel v. Buccaneer Hotel Co., Tex.Civ.App., writ refused, 40 S.W. 2d 168; Shaller v. Allen, Tex.Civ.App., 278 S.W. 873.

■ Appellants next contend that the trial court erred in submitting certain special issues, upon the ground, asserted here for the first time, that said issues were immaterial and will not support a judgment in the absence of specific pleadings. This contention is made in appellants' second proposition, purporting to be based upon their assignments of error 8 and 8a. In those assignments of error appellants complain of the court's omission to submit certain unrequested issues to the jury, and do not support, and are not germane to said proposition, which must therefore be disregarded here.

■ In their third proposition appellants complain of the submission of a named issue upon the ground, substantially, that it was supported by the testimony of

appellee, only; that appellee being an interested party his testimony was not conclusive upon the issue submitted. These objections were not interposed in the trial court, and cannot be considered here. They are, besides, without merit. The witness' interest in the subject matter does not disqualify him, or require corroboration, and such objection as that here raised would go to the weight of the testimony, which was for the jury to determine. We overrule appellants' third proposition, and, for like reasons, their sixth proposition.

Appellants' fourth proposition is an objection to the first special issue submitted to the jury, in which inquiry is made as to whether the common source made the alleged parol sale to Melvin Vaughn and wife, Annie. It is urged by appellants that Vaughn's testimony was that the gift, or sale, was made to "me" (him), and that this would not support a sale or gift to his wife and himself, together. The objection is hypercritical. Appellee's testimony was, obviously, that the sale was made to him and his wife, and not to him only. We overrule the proposition and, for like reasons, their fifth proposition.

We overrule appellants' seventh and eighth propositions in which the sufficiency of the evidence to warrant the submission of the issue (No. 4) of ten years' limitation is questioned. We have considered the evidence and conclude that it authorized the submission of that issue, the form and language of which were not objected to by appellants below, or here. Like objections are urged, in appellants' ninth, tenth, and eleventh propositions to the submission of the fifth special issue. The form or language of that issue is not set out in any statement under those propositions, or elsewhere in appellants' brief, but we assume from appellants' discussion of those propositions that that issue was along the same line as issue No. 4, and the submission thereof was equally warranted by the record.

In their twelfth and concluding proposition appellants complain of the refusal of the trial court to direct a verdict in their favor. The proposition is an omnibus one, embracing the matters raised in prior propositions, and will be overruled, for the reasons given.

It may as well be said here, as it should have been said earlier, that appellants have cut themselves off from the protection of the statute of frauds. Appellee pleaded title by virtue of the alleged parol sale, introduced ample testimony thereunder, procured its submission to the jury, elicited favorable jury findings, and upon motion recovered judgment thereon. On the other hand, appellants did not, directly or inferentially, plead the statute in defense of appellee's claim of title by parol purchase; did not present or invoke a ruling on their general demurrer; did not specially demur to appellee's pleading of title in parol. They made no objection to any of the voluminous testimony upon that phase of the case, or to the submission thereof to the jury, and made no motion for judgment based upon that ground, specifically. Appellants therefore waived their immunity under the statute of frauds, and the courts are not required to interpose it for them. 20 Tex.Jur. p. 354, § 135; League v. Davis, 53 Tex. 9; George v. Williamson, Tex.Com.App., 23 S.W.2d 675; International Harvester Co. v. Campbell, 43 Tex.Civ.App. 421, 96 S.W. 93. This conclusion is an additional and efficient reason for overruling appellants' first, second, and twelfth propositions.

The judgment is affirmed.