Ben F. BRYAN, Jr., Appellant,

v.

**UNITED STATES FIRE INSURANCE COMPANY, Appellee.**

No. 543.

Court of Civil Appeals of Texas, Corpus Christi.

June 18, 1970.

Rehearing Denied July 23, 1970.

Murfee & Hoover, Howard S. Hoover, Sweeney J. Doehring, Jr., Houston, for appellant.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, Corpus Christi, for appellee.

## OPINION

GREEN, Chief Justice.

This is a suit to recover on a fire insurance policy. The appeal by plaintiff is from a take-nothing summary judgment. We affirm.

Appellee United States Fire Insurance Company issued its Texas Standard Farm and Ranch Owners policy to appellant Ben F. Bryan, Jr. for the policy period from November 15, 1966 to November 15, 1969. As concerns this appeal, the policy insured a frame rural dwelling house against fire damage *"while occupied by the Insured principally for dwelling purposes."* The house together with all personal property therein was destroyed by fire on or about June 8, 1968. Suit was filed by insured to recover for loss caused by the fire to the building and its contents. Appellee filed a motion for partial summary judgment directed to coverage on the building only, and not to that portion of plaintiff's pleadings concerning coverage on unscheduled household goods and personal effects destroyed in the fire. It was appellee's con-

tention that at the time of the fire the house was not occupied by insured principally for dwelling purposes, but that it had been rented to and was occupied by a tenant, and that under the express provisions of the policy, coverage of the dwelling house was suspended during such period of non-occupancy by insured. The trial court sustained appellee's motion, and rendered a summary judgment that appellant take nothing for the loss of his building. The court severed such portion of the cause from the suit seeking recovery for loss to the contents of the house, thus causing said judgment to become a final judgment, and appellant has perfected his appeal therefrom.

The summary judgment evidence consisted of the pleadings of the parties, the affidavit and supplemental affidavit of Clyde M. Croninger, manager of the adjusting company which handled this claim on behalf of appellee, and the depositions of appellant, his wife at the time of the fire (since divorced), and Robert Novick, allegedly appellant's tenant and occupant of the house at the time of the fire.

The evidence, mostly from appellant's deposition, establishes that until November 1967, appellant and his wife Judith resided in the house in question, situated on their farm about two miles from Sinton, Texas. In November 1967 they purchased a house in Alice, Texas, furnished it with new furnishings, and Judith moved into this house. Appellant and Judith lived as man and wife until June 10, 1968, at which time, according to appellant's deposition, they separated, and a divorce was secured in January 1969. Appellant had diverse business interests in Sinton, Houston and elsewhere in south Texas, and in February or March 1968, he rented an apartment for himself in Houston on a month to month basis. In March 1968, he made arrangements with Robert Novick to rent the farm dwelling house near Sinton on a month to month basis, under which agreement Novick and his family were to move into the house, do some work on it,

and Novick was to pay appellant $75.00 per month rent (which as a matter of fact though duly dunned in writing by appellant, Novick never paid.) Most of appellant's furniture and some personal effects remained in the farm dwelling house. Novick and his family moved into this house about March 15, 1968, and continued to occupy it until it was destroyed by fire on or about June 8, 1968. Although appellant kept a key to the house, and testified that he had intended to move back there when he finished his Houston business affairs, neither he nor his wife Judith went to or entered the dwelling house after Novick started occupying it.

Novick's deposition confirmed his rental of the house from appellant, and the occupancy by him and his family. He testified that as a result of his rental of appellant's house, he leased his home in Corpus Christi for a period of six months.

After the fire, appellant filed two sworn Proofs of Loss with appellee. In the first, signed and sworn to by appellant, dated July 17, 1968, it is stated: "The building described, or containing the property described, was Occupied at the time of said loss as follows: TENANT DWELLING and for no other purpose."

The second Proof of Loss, signed and sworn to by appellant on October 31, 1968, contained the following: "The building described * * * was Occupied at the time of said loss as follows: Ranch House (main dwelling)—Occupied by tenant and for no other purpose."

Croninger's affidavit established that under the rules and regulations of the Texas State Board of Insurance, a separate and different form of policy of insurance must be issued to an owner of premises who permits the main dwelling to be occupied by a tenant, as contrasted to a situation where the insured himself occupied the main dwelling for dwelling purposes. A higher premium is charged for the tenant occupied dwelling.

Appellant's first point of error reads:

"The district court erred in granting appellee a summary judgment for the reason there exists a genuine issue of material fact as to whether or not at the time and on the occasion in question the dwelling was occupied by appellant principally for dwelling purposes within the meaning of the insurance policy."

As stated in Odom, Administrator et al. v. Insurance Company of the State of Pennsylvania, Tex.Sup. (May 27, 1970), 455 S.W.2d 195, 198:

"In cases where a summary judgment has been granted, whether in favor of the plaintiff or defendant, 'the question on appeal, as well as in the trial court, is not whether the summary judgment proof *raises fact* issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes* as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. The last sentence of paragraph (c) of Rule 166–A, Texas Rules of Civil Procedure, governs. It provides:

' "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, *show that*, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." '

Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970); Harrington v. Young Men's Christian Association of Houston and Harris County, Texas, 452 S.W.2d 423 (Tex.Sup.1970); Prestegord v. Glenn, 441 S.W.2d 185 (Tex.Sup.1969); Rule 166–A(c), Texas Rules of Civil Procedure."

■ The policy here sued on, a Texas Standard Farm and Ranchowners policy, insured the dwelling house "while occupied by the Insured principally for dwelling purposes." Thus, it did not insure such house during a period of time that Insured was not occupying it principally for dwelling purposes, as when sole occupancy and use was by a renter as his dwelling. British America Assur. Co. v. Miller, 91 Tex. 414, 44 S.W. 60; United States Fire Ins. Co. of New York v. Rothwell, Tex.Com. App., 60 S.W.2d 759; Fidelity Union Fire Ins. Co. v. Pruitt, Tex.Com.App., 23 S.W.2d 681, holding approved; Home Insurance Co. v. Currie, C.C.A.5th Cir., 54 F.2d 203; Grady v. Concordia Fire Ins. Co. of Milwaukee, 267 N.Y. 177, 196 N.E. 16; Lineas Aereas Colombianas Expresas v. Travelers Fire Insurance Company, U.S.Ct.App.5th Cir., 257 F.2d 150.

■ We feel that the summary judgment proof conclusively establishes, as a matter of law, that appellant, the insured, was not occupying the house principally for dwelling purposes on the date of the fire, and that he had not so occupied it at any time since the middle of March 1968. To the contrary, the dwelling was occupied by Novick and his family under an express rental agreement. When, about a month after Novick had moved in he had failed to pay his rent, appellant wrote him a letter confirming the rental agreement, and dunning Novick for the "house rent" due on May 1. Although appellant testified that he kept a key to the house, and expected to return after he finished his Houston business affairs, the fact remains that he never used the key after Novick took possession, and never entered the house after his rental agreement with Novick.

■ Appellant relies strongly on the holding in Continental Ins. Co. of City of New York v. Johnson, Tex.Civ.App., 216 S.W.2d 635, wr. ref. n. r. e. The decision is not controlling of the fact situation presented in the present case. There, the insurer tried to avoid liability because of the alleged misrepresentation of a material fact, in that the occupany described in the policy was "Occupancy dwelling-owner,"

and the house was occupied by a renter, bringing the case within the provisions of Art. 5043, Rev.Civ.Stats. of Tex. (Now Art. 21.16, Insurance Code, V.A.T.S.) See Lane v. Travelers Indemnity Company, Tex.Sup., 391 S.W.2d 399 holding such words over the line "Occupancy" to be a representation, and to come within the provisions of Art. 21.16 of the Insurance Code. In the present case, the insurer does not rely on any alleged misrepresentations concerning the insured house. For over a year after the policy became effective it was occupied as a dwelling by insured. The sentence here in question is not a representation by insured, but is a statement of coverage, and is so recognized in *Lane,* supra, on page 403. There the court differentiates the effect of the words "Dwelling-Tenant" written on the line over "occupancy" from the language that the building was insured "while occupied by owner and not otherwise" as contained in the policy in issue in Fidelity Union Fire Ins. Co. v. Pruitt, supra.

Furthermore, the facts concerning the use of the house by the renter in Continental Ins. Co., etc. v. Johnson as to whether he had exclusive use of the premises and other facts as to the alleged rental are to be distinguished from the undisputed facts of the instant case. We do not consider our holding to be in conflict with that case. Nor do we consider that the words "and not otherwise" used in *Pruitt* and *Currie,* supra, either add to or detract from the unambiguous and definite coverage provision in the policy before us, where such phrase is not included.

For the reasons stated, we hold that the summary judgment proof did establish as a matter of law that there is no genuine issue of fact as to an essential element of the appellant's cause of action, and that appellee was entitled to judgment as a matter of law. Appellant's first point of error is overruled.

■ Appellant's second point asserts error in the trial court's considering as a part of the record the unsigned deposition of the witness Robert Novick.

The record shows that the oral deposition of Novick was taken on May 28, 1969, in Beaumont, Texas, pursuant to a commission issued at the request of appellee. The attorneys of record for both parties were present and participated in the taking of the deposition. The deponent's signature was not waived. The following affidavit is attached to such deposition:

"THE STATE OF TEXAS

COUNTY OF JEFFERSON

I, Odessa J. Smith, a Notary Public in and for Jefferson County, Texas, do hereby certify that the facts stated by me in the caption to the foregoing deposition are true; that the foregoing deposition of ROBERT NOVICK, the witness, was, at the time named, taken down correctly in shorthand by me, both the questions propounded by the attorneys and the answers given by the witness, in accordance with the commission hereto attached, and afterwards transcribed correctly on the typewriter, all to the best of my skill and ability, and the foregoing is a true and correct transcript of the testimony given by the witness at said time; said witness being of me first carefully examined, cautioned and sworn to tell the truth, the whole truth and nothing but the truth.

"I further certify that I have called the witness' office once and many times twice a week leaving the message for Mr. Novick to sign this deposition and for him to call me, which he failed to ever answer any of the calls; I made many trips by his house in an effort to catch him home and finally on July 6th I found him there and he was rather indignant and beligerent, stating that he would do it at his own convenience, that he wanted his attorney in Corpus to read it first, being the same thing he told me five weeks ago, and also a couple of times

when I called his office I was told that he was in Corpus. It is my opinion that this man has no intention of signing this deposition or doing any other honest thing. I couldn't even get Mr. Dyer's copy back from him. GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the 7th day of July, 1969.

(SEAL)

/s/ Odessa J. Smith

ODESSA J. SMITH, NOTARY PUBLIC IN AND FOR JEF-FERSON, COUNTY, TEXAS."

This certificate, omitting the expression of mere opinion, fully complies with the requirements of Rule 209, Texas Rules of Civil Procedure, which states in part:

" * * * If the deposition is not signed by the witness, the officer shall sign it and state on the record * * * the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed; unless on motion to suppress, made as provided in Rule 212, the Court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part."

The appellant's duly filed motion to suppress the deposition on the ground that it was unsigned was overruled by the trial court. There was no error in this action of the court. Appellant's second point is overruled.

Appellant's third point of error reads:

"The district court erred in overruling appellant's exceptions and motion to strike the affidavit of Clyde M. Croninger filed in support of appellee's motion for partial summary judgment, and was further in error in taking into consideration legally inadmissible statements contained therein in granting a summary judgment for appellee."

After appellant urged exceptions and motion to strike the original affidavit of Croninger filed December 2, 1969, a supplemental affidavit was filed December 8, 1969, which in our opinion met the objection of appellant to its admissibility. No further exceptions or motion to suppress were filed by appellant.

Croninger's affidavit established, in the absence of any counter affidavit or evidence, that, under the rules and regulations of the Texas State Board of Insurance, a separate and different form of insurance must be issued to an owner of premises who permits the main dwelling to be occupied by a tenant, as contrasted to a situation where the insured himself occupies the house principally for dwelling purposes, and that a higher premium is charged for the tenant occupied dwelling. We find no error in the use of the affidavit in question, and overrule appellant's third point.

Judgment affirmed.