## CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, Appellant,

v.

## Bob NEWTON, et ux, Pamela Kay Newton, and Fort Worth Mortgage Corp., Appellees.

### No. 21021.

Court of Appeals of Texas, Dallas.

June 9, 1982.

Rehearing Denied Aug. 6, 1982.

77

Russell W. Schell, Thompson, Coe, Cousins & Irons, Dallas, for appellant.

Virgil Rogers, Dallas, for appellees.

Before GUITTARD, C.J., and FISH and ALLEN, JJ.

ALLEN, Justice.

This is a suit on a Texas standard home-owners broadform insurance policy. Bob and Pamela Newton (Newtons) and Fort Worth Mortgage Corporation (mortgagee) brought this action against Cambridge Mutual Fire Insurance Company (Cambridge Mutual) seeking to recover damages sustained as the result of a fire that destroyed the Newton home. Following a trial to a jury on special issues, the Newtons were awarded $19,104.00 under the terms of the policy. A take-nothing judgment was rendered on the mortgagee's claim against Cambridge Mutual. On appeal, Cambridge Mutual contends that (1) they were not liable under the policy as a matter of law; (2) the trial court erred in awarding damages for unscheduled personal property; (3) the trial court erred in awarding damages for expenses incurred by the Newtons; (4) the trial court presented an incorrect damage submission to the jury; and (5) the trial court erred in failing to submit defendant's special issues to the jury. Fort Worth Mortgage Corporation cross-appeals claiming that its right to recover the unpaid balance of its mortgage was not barred by the statute of limitations. For the following reasons we affirm the judgment of the trial court in part, and reverse and render in part.

The record reflects that on February 8, 1978, a dwelling house at 822 North Montclair, Dallas, Texas, sustained fire damage. The dwelling was owned by Bob and Pamela Newton and Fort Worth Mortgage Corporation was the dwelling mortgagee. The house was insured by Cambridge Mutual under a Texas standard homeowners broadform insurance policy. The relevant provisions of the Texas standard homeowners broadform insurance policy are as follows:

"DECLARATIONS OF THE INSURED:

. . . .

2. The above premises of the described dwelling are the only premises where the Named Insured or spouse maintains a residence, other than business property and farms.

PROPERTY INSURED

COVERAGE A—Dwelling, as described on Page 1 of this policy, while occupied by the Insured principally for dwelling purposes.

VACANCY. If the Insured ceases to reside in the described dwelling and the unscheduled personal property or a substantial portion thereof is removed therefrom, the dwelling shall be deemed vacant and the coverage applicable to said dwelling as provided under Section 1 of this policy and all coverage under the Dwelling Extension shall be suspended effective 60 days after date of removal of such unscheduled personal property and remain suspended during such vacancy."

Bob Newton testified that, at the time of the fire, he and his wife were in Aztec, New Mexico assisting a relative with his business. He stated that they traveled to New Mexico in September 1977, at the request of this relative and moved into his trailer home on a temporary basis. Approximately 80% of their unscheduled personal property was left in the insured premises. Mr. Newton agreed to allow David Bright, a family friend, to occupy the dwelling. Bright promised to make the mortgage payments when he could. When Bright was unable to make two of the mortgage payments, the Newtons made them. Mr. Newton maintained that he retained the right of immediate possession to the dwelling and, on one occasion, returned to the residence during Bright's occupancy. On the day preceding the fire, Bright abandoned the insured dwelling and absconded with a portion of the Newtons' personal property. Mr. Newton stated that it was not until after they had learned of the fire that he and his wife decided to permanently change their residence to New Mexico.

■ Cambridge Mutual first contends that it is not liable to the Newtons under the terms of the policy. First, it claims that, as a matter of law, the residence was not occupied by the insured principally for

dwelling purposes at the time of the fire. It reasons that since the Newtons had moved to New Mexico in September 1977, the insured dwelling was not the only premises where the Newtons maintained a residence. Consequently, the dwelling extension provision of the policy was violated. In support of this argument Cambridge Mutual cites *Bryan v. United States Fire Insurance Company,* 456 S.W.2d 702 (Tex. Civ. App.—Corpus Christi 1970, writ ref'd n.r.e.) and *Fisher v. Indiana Lumberman's Mutual Insurance Company,* 456 F.2d 1396 (5th Cir. 1972). We find that these cases are distinguishable from the instant case and thus reject Cambridge Mutual's contention.

In *Bryan,* the insured sued on a Texas standard farm and ranchowners policy for recovery of fire damage to the insured dwelling. The evidence established that the insured and his wife had moved from the dwelling approximately four months prior to the fire loss. Upon vacating the premises, Bryan arranged to lease the dwelling to a third party under a month-to-month tenancy. Most of the Bryans' personal property remained in the dwelling until the time of the fire. Although Bryan continuously demanded rental payments, the lessee never remitted same. After the fire, Bryan filed two sworn proof of loss statements with the insurance company asserting that the insured premises was occupied as a *tenant* dwelling and for no other purpose. Bryan testified that he had intended to move back into the insured dwelling, but had not done so at the time of the fire. On these facts the Corpus Christi Court of Civil Appeals held that, as a matter of law, the insured was not occupying the house principally for dwelling purposes at the time of the fire.

*Fisher* also concerned a case brought under a Texas standard homeowners broad-form insurance policy. Prior to the fire the insured dwelling was undergoing extensive repairs in preparation for eventual occupancy by the insured. At the time of the fire the insured was living in another house several miles away and, by his own admission, he intended to move into the new house only after its renovation. In holding that the insured house was not occupied

principally for dwelling purposes at the time of the fire, the United States Court of Appeals for the Fifth Circuit concluded that "[U]nder such circumstances Texas law clearly prescribes that by the explicit terms of the policy no liability for the loss ever arose (citing *Bryan v. United States Fire Insurance Company, supra*). *Fisher v. Indiana Lumberman's Mutual Insurance Company, supra* at 1398.

Unlike *Bryan* the Newtons never declared that the insured premises was a tenant dwelling. They never entered into a formal rental agreement with a third party. Rather, Bright functioned as the caretaker of the insured dwelling, making the mortgage payments if he could. Additionally, the Newtons were free to continue to reside at the insured premises at all times. In fact, Mr. Newton returned to the house on one occasion during Bright's occupancy. In contradistinction to *Fisher,* the Newtons had previously occupied the insured dwelling as their residence. In sum the evidence in the case at bar was sufficient to create a fact issue with regard to the occupancy of the house by the Newtons principally for dwelling purposes at the time of the fire.

■ If a fact issue under the dwelling extension provision of the policy was presented, Cambridge Mutual alternatively asserts that the trial court erred in failing to submit its requested special issues to the jury. Following the presentation of the evidence in this case the judge announced that he was granting Cambridge Mutual's motion for instructed verdict against the Newtons on the ground that as a matter of law, they had moved to New Mexico and were not occupying the home principally for dwelling purposes on the date of the loss. Nevertheless, the court did not render judgment on this instructed verdict. Instead, the trial court submitted a three issue charge which inquired into the occurrence of the fire, dwelling damages resulting therefrom, and whether the Newtons had ceased to reside in the dwelling and removed a substantial portion of their property from the house prior to the fire. The

jury found in favor of the Newtons on all issues presented and the trial court entered judgment on the verdict. Cambridge Mutual now claims that it was error not to submit special issues inquiring whether the insured premises were occupied by the Newtons principally for dwelling purposes on the date of the fire.[1]

The submission and response to these special issues would have been helpful to the resolution of this case, since we have concluded, for reasons already stated, that a fact issue was raised concerning the Newtons' occupancy of the house for dwelling purposes at the time of the fire. However, the record fails to show that Cambridge Mutual ever obtained a ruling on its requested special issues. Rule 276 of the Texas Rules of Civil Procedure requires that when a special issue is requested and refused by the court, the judge must indorse on the issue "Refused" and sign the same officially. In the absence of such an indication in the record that the issue was presented to the trial court and refused, no error is shown, although the requested issue may appear in the transcript. *Freedom Homes of Texas v. Dickinson*, 598 S.W.2d 714, 719 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.). No such ruling appears in the present record. Consequently, no reversible error is shown in this respect.

█ Since, as we have held, there was a disputed fact issue as to whether the Newtons were occupying the house principally for dwelling purposes at the time of the fire, but that issue was not submitted to the jury, we must determine whether the trial court must be deemed to have made such a finding in support of the judgment. This question is governed by Rule 279 of the Texas Rules of Civil Procedure, which provides as follows:

Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; but where such ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment.

We conclude that under the present record the omitted issue must be deemed found in support of the judgment. Only one ground of recovery is alleged in the petition and submitted to the jury, namely, coverage of the house and its contents by the policy in question at the time of the fire. The first three issues submitted were elements of this ground of recovery, namely, occurrence of the fire on February 8, 1978, the resulting damages to the dwelling, and whether the Newtons had ceased to reside in the dwelling and removed a substantial portion of their personal property more than sixty days before the fire. These issues formed a cluster of issues pertinent to the single ground of recovery alleged, although they did not include the element of occupancy by the insured principally for dwelling purposes, as required by the insuring clause of the policy. The omit-

1. The special issues prepared by Cambridge Mutual were as follows:

SPECIAL REQUESTED ISSUE NO. 1
   Was the dwelling at 822 North Montclair, Dallas, Texas, occupied by Bob Newton and Pamela Newton principally for dwelling purposes at the time of the February 8, 1978 fire?

SPECIAL REQUESTED ISSUE NO. 2
   Was the dwelling at 822 North Montclair, Dallas, Texas, the only premises where Bob Newton or Pamela Newton maintained a residence, other than business property, at the time of the February 8, 1978 fire?

ted issue was not an independent ground of recovery which was waived by failing to request the issue, but was necessarily referable to the ground of recovery submitted by the first three issues. The record fails to show either a request for the issue or an objection to its omission. Neither was there any request for a written finding by the trial court. Consequently, under Rule 279, the issue must be deemed found by the court in such manner as to support the judgment. *Kirk v. Standard Life & Acc. Ins. Co.*, 475 S.W.2d 570, 572 (Tex. 1972). These points of error are overruled.

■ Cambridge Mutual next asserts that the trial court erred in awarding the Newtons $119.00 for the loss of unscheduled personal property. We agree. The only testimony regarding the value of unscheduled personal property came from Mr. Newton, an interested party. It was incumbent upon the jury to determine the credibility of this testimony by its response to special issues on the question of damages. *See Cude v. Vaughn*, 111 S.W.2d 1155, 1157 (Tex. Civ. App.—San Antonio 1937, no writ). Since the Newtons failed to request a special issue regarding the amount of damages for the loss of unscheduled personal property, any right to this ground of recovery is deemed waived. *Chernoff v. Chernoff Brothers, Inc.*, 597 S.W.2d 24, 27 (Tex. Civ. App.—Waco 1980, no writ); Tex. R. Civ. P. 279. Point of error number three is sustained and that portion of the judgment is reversed.

■ In its next three points of error Cambridge Mutual complains that the trial court erred in rendering judgment for $3,480.00 in favor of the Newtons as "expenses." We agree. We have searched the

record in this case and fail to find any evidence to support the award made by the trial court. Accordingly, this portion of the judgment is reversed.

■ Cambridge Mutual finally contends that the trial court presented an incorrect damage submission to the jury in that they were not instructed to deduct from their award a proper amount for depreciation.[2] Although the policy in question provides for such a deduction, there was no evidence of depreciation adduced at trial. To the contrary, the only evidence relative to the value of the Newtons' property indicated that the house had *appreciated* in value at the time of the fire. In the absence of any evidence to support Cambridge Mutual's objection to the court's charge, the trial judge properly refused to include a statement concerning a deduction for depreciation in his submission to the jury. *See Wheeler v. Allstate Insurance Company*, 592 S.W.2d 2, 4 (Tex. Civ. App.—Beaumont 1979, no writ); Tex. R. Civ. P. 279. This contention is overruled.

■ In three cross-points Fort Worth Mortgage Corporation urges that the trial court erred in denying its claim against Cambridge Mutual to recover the unpaid balance of the mortgage on the Newtons' property. The mortgagee contends that its claim was not barred by the limitations contained in the policy because the timely filing of the Newtons' petition tolled the limitations on its behalf.[3] We disagree. While the mortgagee has an insurable interest in the mortgaged property to the extent of the debt secured, its cause of action is not derivative of the mortgagors. *See Campagna v. Underwriters at Lloyd's Lon-*

2. Special issue number two, as submitted to the jury over Cambridge Mutual's timely objection, reads as follows:

> Issue No. 2
> What sum of money do you find to be the reasonable cost to repair or replace the structure located at 822 North Montclair, Dallas, Dallas County, Texas, within a reasonable time after February 8, 1978?
> ANSWER in dollars and cents.
> ANSWER $15,505.00

3. The limitations paragraph contained in the policy provides:

> "Action Against the Company. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor as respects claim under:
> Section 1—Property Section: unless commenced within two years and one day next after cause of action accrues . . . ."

*don,* 549 S.W.2d 17, 19 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.); *Tillerson v. Highrabedian,* 503 S.W.2d 398, 400 (Tex. Civ. App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). Since Fort Worth Mortgage Corporation did not assert its claim against Cambridge Mutual within two years and one day from the accrual of its cause of action, this claim is barred by the policy limitations.

For the foregoing reasons that portion of the judgment awarding the Newtons damages under the terms of the insurance policy and denying Fort Worth Mortgage Corporation's claim against Cambridge Mutual is affirmed. That portion of the trial court's judgment awarding the Newtons damages in the amount of $119.00 for unscheduled personal property and $3,480.00 for "expenses" is reversed and judgment is rendered that the Newtons take nothing for unscheduled personal property and expenses hereunder.

GUITTARD, Chief Justice.

*On Motion for Rehearing*

■ In its motion for rehearing, Cambridge Mutual contends that we erroneously deemed a finding by the trial court on the occupancy issue in support of the judgment. It argues that it had no burden to request an issue on occupancy or to object to its omission because the trial court had granted an instructed verdict against the Newtons on this issue and did not rescind that ruling until after the jury had returned its verdict on the issues submitted.

We cannot agree. We recognize that the record is confusing because the submission of issues to the jury was inconsistent with the previous ruling on the motion for instructed verdict. The issues submitted would have been immaterial if the evidence had shown as a matter of law that the house was not "occupied by the Insured principally for dwelling purposes" at the time of the fire because, on that premise, the loss was not covered by the policy. The occupancy issue was not a defensive matter, but was essential to the Newtons' recovery on the policy. Before the charge was sub-mitted to the jury, Cambridge Mutual was on notice that the jury's answers, whether favorable or unfavorable, would be a potential basis for judgment. At that point, Cambridge Mutual was not justified in relying on the court's previous ruling on the motion for instructed verdict as obviating any objections to the charge submitted or any request for omitted issues. We must assume from the present record that the ruling on the motion for instructed verdict was withdrawn by the court when the charge was submitted, although, of course, the possibility remained that the court might render judgment notwithstanding the verdict, if favorable to the Newtons.

■ Cambridge Mutual contends also that no finding can properly be deemed to have been made in support of the judgment because occupancy was a defensive issue rather than one essential to plaintiff's recovery. We cannot agree. The requirement of occupancy was in the insuring clause of the policy, and, therefore, was a fact that the Newtons had the burden to prove, as Cambridge Mutual seems to have recognized in preparing the special issues which it now asserts should have been submitted. On the other hand, if occupancy were a defensive issue, Cambridge Mutual waived it by failing to make a proper request before the charge was submitted to the jury.

On the other matters raised in the motion, we adhere to the views expressed in our original opinion.

Motion for rehearing overruled.