**J.W. DOYLE, Appellant,**

v.

**MEMBERS MUTUAL INSURANCE COMPANY, Appellee.**

No. 2–84–125–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 14, 1984.

Mike Johnston, Fort Worth, for appellant.

Daniel Barrett, Fort Worth, for appellee.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

JORDAN, Justice.

J.W. Doyle brought suit against Members Mutual Insurance Company on a Texas Standard Homeowner's policy of insurance issued on premises owned by Doyle at 645 Alameda, Azle, Texas. Trial to a jury resulted in a verdict for Doyle for $21,-403.67, but the court rendered judgment for the insurance company non obstante veredicto. Doyle appeals on a single point of error.

We affirm in part and reverse and render in part.

On February 5, 1981, Doyle and his wife bought the house at 645 Alameda in Azle and on the same day a homeowner's policy was issued to them by Members Mutual. Prior to this time, the wife, Earlene Doyle, had moved to a farm in Maud, Texas. J.W. Doyle, however, lived at the Alameda Street residence until June 30, 1981, when he retired from his job as a Fort Worth fireman and moved, along with some of the family's clothes and personal effects, to Maud, Texas, where he has resided with his wife since that date. The couple's son, Raymond, continued to live in the Alameda Street residence until August 21, 1981, when the dwelling and all or most of the personal property in the house was destroyed by fire.

The insurance company denied liability under its policy on the ground that at the time of the fire, J.W. Doyle, the insured, did not occupy the house principally for dwelling purposes.

Doyle appeals on the sole ground of error that the trial court erred in granting the insurance company's motion for judgment non obstante veredicto and in not granting his motion for judgment on the jury verdict.

Doyle argues that there was sufficient evidence to support the jury's affirmative answer to Special Issue No. 1 in the court's charge which inquired if, at the time of the fire, the Alameda Street residence was occupied by the insured principally for dwelling purposes. Members, on the other hand, insists that the judgment non obstante veredicto was proper because under the undisputed evidence, Doyle had ceased to occupy 645 Alameda in Azle, principally for dwelling purposes and in fact, had moved to Maud, Texas. We agree with the insurance company's position with respect to

this question, but only insofar as the dwelling is concerned.

The relevant provisions of the homeowner's policy involved here, necessary to our decision, are as follows:

> COVERAGE A—DWELLING, as described on Page 1 of this policy, while occupied by the Insured principally for dwelling purposes.
>
> COVERAGE B—UNSCHEDULED PERSONAL PROPERTY owned, worn or used by the Insured, including members of his family of the same household and, at the option of the Insured, property of others (except roomers or tenants) while on the premises of the described dwelling.

There is actually no question, from a review of this record, that J.W. Doyle had ceased to reside at 645 Alameda in Azle after June 30, 1981. He testified as follows:

Q. You moved your residence up to Maud?

A. Yes, sir.

Q. On June 30, '81?

A. That's right.

Mrs. Doyle testified in this manner:

Q. Mrs. Doyle, did you ever indicate to Members Mutual Insurance Company that you all had ceased to reside there, that your husband ceased to reside there after June 30, 1981?

A. Did I tell them he had?

Q. Yes.

A. Yes, I told them he moved June 30.

Q. That was whenever they contacted you after the fire?

A. Yes.

There was no contradiction of this testimony, nor is there any evidence that Doyle or his wife ever intended to return to the house in Azle.

We conclude that two cases mandate our affirmance of the trial court's granting of appellee's motion for judgment non obstante veredicto with respect to the jury finding that Doyle, at the time of the fire on August 21, 1981, occupied the house principally for dwelling purposes. In *Fisher v. In-*

*diana Lumbermens Mutual Insurance Co.*, 456 F.2d 1396 (5th Cir.1972), involving language in a standard homeowner's policy identical to that contained in Coverage A of the policy in this case, the court held that this language was plain and unambiguous and provided that coverage was afforded only if the house was occupied by the insured "principally for dwelling purposes" on the date of the loss. *Id.* at 1398. In *Fisher*, the insured was renovating the house but had not moved into it before the fire, although he intended to do so after the renovation. *Id.* The court affirmed a directed verdict for the insurance company as far as coverage on the dwelling was concerned. *Id.*

In *Bryan v. United States Fire Insurance Co.*, 456 S.W.2d 702 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.), another case involving the identical language requiring occupancy by the insured principally for dwelling purposes as we have before us, a summary judgment based on that clause was affirmed. *Id.* at 705–06. In *Bryan*, the insured had originally lived in his farm house in Sinton, Texas, but had moved to Alice, Texas in November of 1967 and in March, 1968, had rented the farm house to another person. *Id.* at 704. The house was destroyed by fire in June of 1968. *Id.* at 703. The insured, Bryan, testified that he still had a key to the farm house and that he intended to move back there when he finished certain business affairs. *Id.* at 704. The court held that the insuring clause, stating that the property was insured "while occupied by the Insured principally for dwelling purposes," meant that the property was not insured during such time that the insured was not occupying it principally for dwelling purposes, "as when sole occupancy and use was by a renter as his dwelling." *Id.* at 705.

■ Appellant attempts to distinguish the facts of this case from those in *Fisher* and *Bryan*. He argues that in *Bryan*, the insured dwelling had been rented to a third party and that in our case the insured dwelling was left in the care of a son. *See*

*Bryan,* 456 S.W.2d at 704. He contends, too, that *Fisher* does not control this case because in *Fisher* neither the insured nor any member of his family had ever lived in the house, which at the time of the fire in that case was undergoing extensive repairs. *See Fisher,* 456 F.2d at 1398. We think these are distinctions without a difference. In both of the above cited cases, the court stated that the crucial undisputed fact was that the insured, at the time of the loss, was not occupying the house principally for dwelling purposes, but was instead living in another area, in another house. The identical situation exists in this case and we hold that under the undisputed testimony here and under the language of Section I, Coverage A of the policy here involved, there was no coverage of the dwelling at the time of the fire on August 21, 1981.

Appellant cites *Cambridge Mutual Fire Ins. Co. v. Newton,* 638 S.W.2d 75 (Tex. App.—Dallas 1982, writ ref'd n.r.e.), in support of its position. *See id.* at 78–79. *Newton* held that those facts presented a fact situation for determination by the jury on the question of occupancy principally for dwelling purposes. *Id.* at 79. While there is some similarity of the facts in *Newton* and in the case before us, we think there are also differences which render *Newton* inapplicable to our situation. For example, the Newtons, unlike the insured in the present case, had once returned to their dwelling and did not decide to change their residence until after the fire. *See id.* at 78–79.

We also note that the court in *Newton* placed considerable emphasis on the fact that the Newtons, unlike the appellants in *Bryan,* had never entered into a formal rental agreement with a third party. *Newton,* 638 S.W.2d at 79. However, we do not consider important or controlling the matter of whether the property was rented or not. In *Fisher,* there was no leasing of the property and the court simply held that since the insured was not occupying the premises principally for dwelling purposes at the time of the fire, "[u]nder such circumstances Texas law clearly prescribes

that by the explicit terms of the policy no liability for the loss ever arose." *Fisher,* 456 F.2d at 1398.

Doyle's point of error as it relates to the judgment non obstante veredicto regarding insurance coverage on the dwelling at 645 Alameda, Azle, is accordingly overruled.

An entirely different situation confronts us, however, with regard to that part of the judgment non obstante veredicto with respect to the jury finding of damages sustained by Doyle for loss of the household contents. The trial court submitted special issue number five which asked the jury to find the amount of damages sustained to the contents of the house at 645 Alameda, Azle, Texas, because of the fire. The jury, in answer to this inquiry, found $5,500.00 damages.

There is no "occupancy principally for dwelling purposes" provision in Section I, Coverage B—Unscheduled Personal Property of the policy.

> COVERAGE B—UNSCHEDULED PERSONAL PROPERTY owned, worn or used by the Insured, including members of his family of the same household and, at the option of the Insured, property of others (except roomers or tenants) while on the premises of the described dwelling.

■ It is clear that personal property, while on the premises of 645 Alameda, Azle, owned, worn or used by the insured or members of his family, is covered by this policy. Doyle is entitled to recover for this loss. This matter was not specifically raised or briefed by Doyle in this court, but we think his sole point of error, stated previously, is sufficient and broad enough to preserve the error of the trial court in granting the insurance company's motion for judgment non obstante veredicto in its entirety. Moreover, appellant did move for judgment on the jury verdict and Doyle's point of error complains of the failure of the trial court to grant this motion. The error is preserved, and appellant is entitled to recover the sum of $5,500.00 found by the jury as damages for loss of contents of

the house. Our action in allowing recovery for loss of the contents of Doyle's house finds support in *Bryan, Fisher,* and *Newton. See Fisher,* 456 F.2d at 1398; *Newton,* 638 S.W.2d at 81; *Bryan,* 456 S.W.2d at 703.

Doyle's sole point of error relating to the judgment non obstante veredicto as it affects insurance coverage on the unscheduled personal property located at 645 Alameda, Azle, is sustained.

By granting the insurance company's motion for judgment non obstante veredicto, the trial court also deprived Doyle of recovery of his attorney's fees as found by the jury. Appellee contends that attorney's fees were not recoverable because appellant's trial attorney was permitted to testify as to his opinion on attorney's fees when his name was not listed as an expert witness in Doyle's answer to an interrogatory requesting the names of all expert witnesses Doyle expected to call at trial. The insurance company objected to the trial court's ruling permitting the trial attorney to testify, which objection was overruled. It is now urged that this action of the trial court was reversible error because Tex.R. Civ.P. 168 (Vernon Supp.1983) (located at 599 S.W.2d (Texas cases) XLV), then required that if the answers to interrogatories regarding expert witnesses were not supplemented, "the testimony of the witness shall not be admitted in evidence unless the trial court finds that good cause sufficient to require its admission exists." *Id.* The trial court apparently found that good cause existed for the admission of this expert testimony by the lawyer trying this case. We fail to see how appellee was surprised or harmed by this testimony as to attorney's fees because this attorney and his firm had represented Doyle at all times in this action. The petition prayed for recovery of attorney's fees, and at least a considerable portion of the attorney's work in this case was known to the insurance company.

■ The action of the trial court in permitting Doyle's trial attorney to testify on attorney's fees was an exercise of its discretion, which may be set aside only upon a showing of a clear abuse of discretion. *See National Surety Corp. v. Rushing,* 628 S.W.2d 90, 92 (Tex.App.—Beaumont 1981, no writ); *Allied Finance Co. v. Garza,* 626 S.W.2d 120, 124–25 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). We hold there was no abuse of discretion in the admission of the testimony on attorney's fees.

■ The trial court submitted a series of issues on whether the insurance company's action in knowingly refusing to honor Doyle's policy of insurance was unconscionable, as that term was defined. The jury found that the company's refusal was unconscionable action which was the producing cause of damages to Doyle in the amount of $7,000.00. These answers of the jury were disregarded by the court and the judgment non obstante veredicto eliminated the award of the damages of $7,000.00 for unconscionable action. We hold the action of the trial court in this regard was proper. The issues should not have been submitted because, at best, all that was alleged and proved was that the insurance company had erroneously or improperly denied Doyle's claim on his policy. The only possible recovery under the evidence in this record was for breach of contract.

All other reply points and cross points of error urged by appellee have been considered and all are overruled because they are unnecessary to our decision.

We affirm that part of the trial court's judgment which denied appellant recovery under the insurance policy for loss of the house, and reverse and render judgment for appellant for the sum of $5,500.00 damages for loss of personal property, for the sum of $6,903.67 for attorney's fees for Doyle to date, and for an additional $1,000.00 attorney's fees in the event of an appeal to the Supreme Court of Texas, all as found by the jury.